JULIA E. HICKS, ET AL. *v.* THOS. SOAPER.

[Abstract Kentucky Law Reporter, Vol. 6—364.]

**Homestead Exemption.**

>One can not acquire a right to a homestead exemption in a tract of land upon which he never resided and of which he never even had possession.

APPEAL FROM HENDERSON CIRCUIT COURT.

November 22, 1884.

OPINION BY JUDGE LEWIS:

We will consider the question involved in this case as if the amended answer tendered by appellants had been filed.

At the time A. Jordan Hicks died, which was February 23, 1879, as is alleged and not denied, Arch J. Hicks through whom appellants claim and hold the land in controversy was domiciled in the county of .Union and never while living resided upon or had the right to take possession of it. For in the first place by the will of A. J. Hicks his widow was entitled to a life estate in all of his lands, and in the second place Arch J. Hicks died before the parcel now claimed by appellants, his widow and children, was allotted to them in the division that subsequently took place under judgment of court, and before it was ascertained what parcel would be so allotted, or whether any land would be left for division amongst the devisees after the payment of the debts against the estate of the testator.

· The note of Arch J. Hicks, the plaintiff in the action which he seeks to have satisfied out of the parcel of land allotted to Arch J. Hicks, or his heirs, under the will of his father, was executed June 9, 1879. The deed made of the parcel allotted under judgment of court was made to the infant children of Arch J. Hicks, who was then dead, by the commissioner on February 10, 1881.

As previous to his death Arch J. Hicks never resided on the land, or had even a right of possession (for it was not divided), it is clear that his undivided interest was subject to execution for the satisfaction of the debt of the plaintiff, he, Arch J. Hicks, never having acquired a homestead exemption in the parcel allotted to his children after his death.

It does not appear that his widow and infant children ever occupied the land after his death. But when this action was commenced they lived in the city of Henderson, some distance from the land.

If during the lifetime of Arch J. Hicks his undivided interest in the land of the testator, his father, was subject to the debt of the plaintiff against him, we do not think the parcel allotted since his death to his heirs at law can be exempted as their homestead from the payment of that, especially as neither his widow or heirs have ever occupied it as a homestead.

The vague and indefinite intention of a debtor to take possession of land at some time in the future is not sufficient in any case to exempt it as a homestead from the satisfaction of a pre-existing debt. But it being liable while the ancestor lived through whom it is now claimed, it certainly can not become exempted from the payment of that ancestor's debts, by the intention, never carried into execution, of the widow to occupy and claim it as a homestead.

Judgment *affirmed.*

*Sol S. Sizemore, for appellants.*

*A. T. Dudley, for appellee.*